UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

In re FRANKLIN MUTUAL FUNDS FEE LITIGATION

MASTER FILE: 04-CV-982 (WJM)

OPINION

Patrick L. Rocco
Jennifer A. Sullivan
Shalov Stone & Bonner LLP
163 Madison Avenue
P.O. Box 1277
Morristown, New Jersey  07962

Jerome M. Congress
Janine L. Pollack
Kim E. Miller
Michael R. Reese
Milberg Weiss Bershad & Schulman LLP
One Pennsylvania Plaza
New York, New York  10119

*Attorneys for Plaintiffs*

Joseph T. Boccassini
Gregory J. Hindy
Alitia F. Stockwell
Christine Ammerman
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey  07101

Daniel A. Pollack
Martin I. Kaminsky
Edward T. McDermott
Anthony Zaccaria
Pollack & Kaminsky
114 West 47th Street
New York, New York  10036

*Attorneys for Defendants Franklin Resources, Inc., Franklin Advisers, Inc., Franklin Private Client Group, Inc., Franklin Mutual Advisers, LLC, Fiduciary International, Inc., Franklin Templeton Distributors, Inc., and Templeton/Franklin Investment Services*

Michael R. Griffinger
Gibbons, Del Deo, Dolan, Griffinger & Vecchione
One Riverfront Plaza
Newark, New Jersey  07102

*Attorney for Defendants Harry J. Ashton, S. Joseph Fortunato, and Gordon S. Macklin*

**MARTINI, U.S.D.J.:**

This matter comes before the Court on plaintiffs' motion for reconsideration of the Court's September 9, 2005 Opinion and Order granting defendants' motion to dismiss the complaint.  *See In re Franklin Mutual Funds Fee Litig.*, 388 F. Supp. 2d 451 (D.N.J. 2005) (referred to hereinafter as "*Franklin Funds*").  Defendants filed a brief in opposition.  There was no oral argument.  Fed. R. Civ. P. 78; L. Civ. R. 7.1(i).  For the reasons stated below, plaintiffs' motion is **DENIED**.

Plaintiffs raise two reasons why the Court should reconsider its decision.[1]  First, plaintiffs argue that the Court incorrectly held that § 36(b) of the Investment Company Act ("ICA"), 15 U.S.C. 80a-§ 35(b), does not provide a right of action to assert direct claims.  Second, plaintiffs argue that the Court erred when it held that all of plaintiffs' alleged injuries are derivative.  Plaintiff contends that the Court overlooked its decision *In re Lord Abbett Mutual Funds Fee Litigation*, 385 F. Supp. 2d 471 (D.N.J. 2005) (referred to hereinafter as "*Lord Abbett*"), where the Court held that allegations materially identical to the allegations in this case supported a

---

[1] Familiarity with the Court's *Franklin Funds* decision is presumed.

direct injury claim. However, as explained below, these reasons fail to provide an adequate basis for reconsideration.

## ANALYSIS

A motion for reconsideration is an extraordinary remedy to be granted "very sparingly." *Yurecko v. Port Authority Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003). It is improper on a motion for reconsideration to "ask the Court to rethink what it had already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990). Rather, a motion for reconsideration is reserved for those instances where the Court may have "overlooked" pertinent facts or controlling case law. *See* L. Civ. R. 7.1(i). When a matter was considered by the Court, it was not "overlooked." *P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 353 (D.N.J. 2001). If the moving party fails to cite pertinent facts or case law that the Court overlooked, then the Court should deny the motion. *Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988).

**A.  Section 36(b) Does Not Provide A Direct Right Of Action**

Plaintiffs disagree with the Court's holding that shareholders of a mutual fund do not have a direct right of action under § 36(b) of the ICA. Plaintiffs argue that this holding contravenes Supreme Court precedents, the plain language of § 36(b), and § 36(b)'s alleged obliteration of the distinction between claims by the shareholders and claims by a mutual fund.

In doing so, plaintiffs fail to identify any law the Court overlooked as required by the standard of review on a motion for reconsideration. Moreover, plaintiffs are mistaken.

First, the Court disposed of the first two arguments in its discussion of the issue. *See Franklin Funds*, 388 F. Supp. 2d at 467-68. Plaintiffs' reiteration of the very same arguments is no more persuasive the second time around. Supreme Court precedents make clear that the rights asserted in a § 36(b) action are the rights of the company, e.g., mutual fund, not the individual shareholders. *See Daily Income Fund, Inc. v. Fox*, 464 U.S. 523, 535 n.11 (1984); *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 108 (1991). As the Court succinctly stated in its opinion:

> Although shareholders do have a right to sue under § 36(b), and funds do not, that does not constrain or shed light on the nature of the claims that a shareholder may bring under § 36(b). As stated in *Fox*, a § 36(b) action is undeniably derivative.

*Franklin Funds*, 388 F. Supp. 2d at 468. Thus, plaintiffs may not assert direct claims under § 36(b).

Second, plaintiffs' argument that § 36(b) obliterated the distinction between claims by shareholders and claims by mutual funds is nothing more than a repackaging of its structural argument – that an injury to the fund is a direct injury to the shareholder. Relying on the Third Circuit's opinion *Kauffman v. Dreyfus Fund, Inc.*, 434 F.2d 727 (3d Cir. 1970), the Court rejected this structural argument. *Franklin Funds*, 388 F. Supp. 2d at 462-64. Likewise, the Court rejects its current manifestation. Contrary to plaintiffs' argument, § 36(b) did not obliterate distinctions between rights of shareholders and mutual funds. It did not commingle their interests, making them indiscernible from one another. Rather, it clearly keeps their rights separate and distinct. Indeed, it is their maintained distinction that restricts § 36(b)'s reach.

Shareholders have the right to bring suit under § 36(b), not mutual funds.  Shareholders can only bring claims "on behalf of" the funds, i.e., assert derivative claims, not direct claims.  And, any recovery goes to the mutual funds, not the shareholders.  Accordingly, plaintiffs' "obliteration" argument is without merit and does not warrant reconsideration of the Court's opinion.

**B.     Plaintiffs' Alleged Injuries Are Derivative, Not Direct, And The Court Has Modified Its *Lord Abbett* Decision So That The Decisions Are Consistent**

Plaintiffs argue that this Court's holding in *Franklin Funds* that all of plaintiffs' injuries are derivative overlooked the Court's contradictory holding in *Lord Abbett* that one of the alleged injuries, which is based on allegations that are materially identical to the allegations in this case, supports a direct claim.  Plaintiffs request that the Court conform this Court's *Franklin Funds* decision with the *Lord Abbett* decision.

The Court agrees with plaintiffs that these decisions need to be harmonized.  However, in doing so, the Court decided to withdraw its *Lord Abbett* decision and issue an amended version that conforms with the decision in this case.  As the Court stated in its motion for reconsideration in the Lord Abbett case:

> To the extent the Court characterized the broker compensation practices as causing direct injuries, the Court conflated losses to the funds attributable to the broker compensation practices with losses to the funds due to other reasons, e.g., poor market performance.  After reviewing paragraphs 2, 4 and 108 of the Complaint, the paragraphs the Court relied upon when reaching its conclusion, it is clear that they do not allege that the broker compensation practices caused "new investors to join the Funds without any corresponding proportionate increase in Fund assets".  *Lord Abbett*, 385 F. Supp. 2d at 482.  Instead, they merely allege

> that the defendants unjustifiably continued to charge excessive fees even though economies of scale were created as the number of investors in the Funds grew. (*See, e.g.*, Compl. ¶ 108). Accordingly, the Court erred when it found a fourth form of injury. Instead, after reconsideration of the allegations contained in the Complaint, the Court finds that the Complaint alleges only three forms of injury – loss due to "excessive fees," payment of advisory fees without any corresponding benefit, and "diminished marginal returns" – and that they are all derivative. In short, the *Lord Abbett* Opinion, as modified by this opinion, and the *Franklin Funds* opinion are now in consonance.

*In re Lord Abbett Mutual Funds Fee Litig.*, No. 04-0559, slip op. at 9-10 (D.N.J. Dec. 20, 2005)

(footnote omitted). Consequently, all of plaintiffs' alleged injuries remain derivative.

## CONCLUSION

For the aforementioned reasons, plaintiffs' motion for reconsideration is denied on all points.


**Dated:** December 28th, 2005             s/ William J. Martini
                                           **William J. Martini, U.S.D.J.**

6